So let me turn to the first case, which is Chaperon v. Sontag & Hyman, counsel. May it please the court. My name is Benjamin Wolfe, and I represent Plaintiff Appellant Julia Chaperon and the putative class, and I would reserve three minutes for rebuttal. Section 1692G of the FDCPA requires that the initial communication from a debt collector to the least sophisticated consumer include that not only can the consumer dispute the entire debt, but also only a portion of it. Here, Sontag & Hyman's initial debt collection letter to Ms. Chaperon does not even come close to complying with the FDCPA. Now, why is this even important? It does not even come close? Is that your argument? Yes, Your Honor. Okay. What does it say? Mr. Wolfe, just read us what the letter says that you say doesn't come close. Yes, Your Honor. I'm reading from the joint appendix of 41. Right. The below-named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt. If you fail to do so, we will assume the debt to be valid. If you notify us in a timely manner in writing that you dispute the debt, we will obtain verification of the debt and mail the same to you. Upon your written request made within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor. If I say you owe me $10 and you say, no, I only owe you $8, you're disputing the debt? Well, Judge Hall, respectfully, Congress says that that's not enough. How does it say that? Congress says that in section 1692G, there are specific notifications. No, no, no, no, no. What language does Congress use to say that's not enough? It says that the least sophisticated consumer is entitled to not only dispute the debt, but also entitled to know that they could dispute a portion of it. They're required to know that information. You don't think that the least sophisticated consumer reading this language would believe that she could dispute only a portion of the debt? I don't think so. And I think it's because Congress has said so. The Congress used this specific language, Judge Chin. And respectfully, if we think that any portion thereof is the same as debt, then that language in the statute is mere surplusage that goes against the writer case from the US Supreme Court. And this court's recent decision in the LeBoon case, if that is an accurate interpretation, then in this circuit, there's gonna basically be a rewriting of this statute. There is a reason that in the House version of this bill in the 70s, the any portion thereof was absent, but in the Senate version, it was put back in and remains today. That information is essential. And G notices are of particular importance. There is specific information that the least sophisticated consumer is entitled to under the statute. That is vastly different from some of the cases cited by my adversaries, which are primarily regarding e-violations, which are just a laundry list of things that can be misleading and deceptive. Counsel, you specifically deny what the district court said was implicit in giving the total amount of the debt. You said it was implicit that you could object to a portion of it. Yeah, not only do I think, Judge Rakoff respectfully, not only do I think he got it wrong, but I think several cases that we've cited have also shown that he got it wrong. That was the Baker case from the Ninth Circuit, or the Marty case from the Western District of Washington, the Dutterer case from the District of New Jersey, and the McCabe case from the Northern District of Illinois. They've all had the same line of reasoning, which is that this language, the any portion thereof, is not superfluous. It is important. It is critical. It is essential to the notice provisions, which is radically different from other parts of the FDCPA. And I'll concede that the debt collector, in this case, this debt collection law firm, Sontag and Hyman, does not need to go to the internet and copy and paste the statute. But what they need to do is not only provide this information, such as the any portion thereof, but of equal importance, and this is used throughout the case law, to do it effectively. This does not effectively provide the least sophisticated consumer. This letter from Sontag and Hyman does not provide the least sophisticated consumer effectively that she can dispute a portion of the debt. And we know that because from the statute itself and from Congress's intent. So, Your Honor, why is this language even important? Because regardless of whether the consumer disputes the entire debt or only a portion of it, certain statutory obligations by the debt collector and certain statutory protections for the consumer are triggered. While the text of section 1692G itself is proof positive, the district court's decision should be reversed. As I've talked about in my answers, the legislative history of the FDCPA also provides critical support. As I said, at the time the FDCPA was being negotiated in Congress in the 1970s, the House version did not contain the any portion thereof language, but the Senate version did, and that language remains there today. As I said, if that any portion thereof language was the same as debt and can be interpreted the same way, then it's suplussage. And what I'd like to talk about with my remaining time is why this court's decision in Cloman and inciting to Smith versus Transworld just doesn't hold up. First of all, this court's case in Cloman was about the idea of attorney involvement and how much attorney involvement, that type of case, where the least sophisticated consumer gets a debt collection letter from an attorney and they think, oh my God, I got it from an attorney, so I'm gonna pay this one first. That's what Cloman was about. It was not about a section 1692G violation, it was about an E violation. And it only cited to Smith versus Transworld for the well-established standard that your honors agree to, I agree to, and my adversary agrees to, that we're gonna look at this case from the least sophisticated consumer. Cloman does not talk about the merits of Smith versus Transworld, it just cites to Smith versus Transworld for the well-established least sophisticated consumer standard. And we know that because if we go to right after this court cited to Smith versus Transworld, in the next paragraph, and I'm citing to 988F2nd at 1320, this court said in 1993, we do not, of course, have occasion here to adopt other courts interpretations of the least sophisticated consumer standard. So all this court was saying by citing to Smith versus Transworld, is that we're gonna look to other circuits that have also done this least sophisticated consumer standard, but what we're not gonna do is necessarily share the same way that they've used that standard. And even if we have to go to the merits of Smith versus Transworld, because it was relied on by my adversary and because it was relied on by Judge Rakoff, that can be, I believe, a little over time. The merits of Smith versus Transworld, the letter itself uses all portions of the debt. Here, we don't have that type of qualifying language and I would wait for rebuttal. And so thank you. We'll hear from Sontag and Hyman. Good morning, your honors. May it please the court. My name is Jenna Fierseen and I represent the appellee defendant, Sontag and Hyman PC. Are you only on telephone? Yes, your honor. Thank you. No problem. May I continue? Of course. Thank you. My colleague, Mr. Wolf pointed out that, or rather claims that in Coleman v. Jackson, this court did not endorse Smith v. Transworld system. As Judge Rakoff noted in his decision at page 13 of the joint appendix, although in Coleman v. Jackson, for example, this court was not facing the same issue as that, which was in front of the Sixth Circuit and Smith. It's fair to say that this court did endorse the holding in Smith insofar as it also endorsed a distinct, a separate holding in Baker, which Ms. Chaperone relies upon extensively. The reason why this court, as I understand it, cited both Baker and Smith in Coleman v. Jackson was to show that both of those cases, among others, are examples of the application of the least sophisticated consumer standard. The least sophisticated, but still reasonable consumer. This court in Coleman v. Jackson- Ms. Farstein. I'm sorry, go on, Judge Hall. Thank you, Judge Fuller. Ms. Farstein, what do you make of your adversary's argument that the language we're here debating, if you will, or at least trying to parse, is surplusage if it doesn't mean exactly what it says it means and it needs to be included? Why did Congress add that if, in fact, if you dispute the debt means, if you dispute a portion of the debt? Thank you, Your Honor. So to answer your question, Judge Hall, the statute does require notice be given of the right to dispute the debt or any portion thereof. And we're not saying that the word, as my colleague appears to be saying, that the words the debt and any portion thereof are one and the same. There's a reason why, of course, why Congress ultimately ended up including both phrases within the statute. However, as is recognized by Smith and by this court inciting Smith and by numerous other courts within this district and as is in keeping with this court's application of the least sophisticated consumer standard and consistent with this court's holding in a manual or observation of the fact in a manual that there is no specific wording requirement within the statute, it doesn't make a communication from a debt collector misleading or in violation of section 1692G for failing to give the required notice if notice of the right to dispute a portion of the debt is implicit. It is possible to have one essential information be conveyed implicitly. Counsel? It doesn't, oh, sorry. Counsel? Counsel, since this is a debt for rent, it seems to me particularly susceptible to an argument that, oh, that last month I wasn't there or I paid the rent the first month and it seems like it's a severable kind of debt that would have benefited from the language or a part of it. Don't you agree? Respectfully, no, Your Honor. The way that it's worded in my client's letter, as the court can see, I believe it was page 41 of the joint appendix. The first few lines, it says, this firm has been retained to collect a debt consisting of rent arrears totaling $12,209.26. And I'm not going to read the entire letter, of course, but clearly the debt is being described as a debt consisting of rent arrears totaling that amount. And Ms. Chaperone, as I understand it, does not dispute that the letter also states it provides notice of her right to dispute the debt. Again, described as rent arrears totaling a specific dollar amount. That is precisely why Judge Rakoff, consistent with this court's precedent, the least sophisticated consumer standard, the fact that there is, which itself is consistent with the fact that there is no specific wording requirement. And in recognition of the dual purpose of the statute, to protect not only consumers, but to not impose upon debt collectors liability for idiosyncratic, unreasonable misinterpretation. Which is- I don't think it's idiosyncratic to wonder if of the $12,000 in arrears, one month of that rent should have been credited to the plaintiff in this case, that it was part of her deposit, or that she left a month early. I don't think that's an idiosyncratic interpretation of the debt or part of it. And I'm wondering why your client wouldn't have included that language. I know they're not required to put in the entire statutory language, but why wouldn't they, especially it seems particularly apt in a rent case where the debt is not necessarily whole. It's several months arrears, I'm assuming. Correct, Your Honor. It is several months of rent arrears, but the issue here is whether she's aware of the fact that she can dispute the debt and what the debt is. And the debt, it doesn't state in my client's letter, it doesn't give any suggestion in my client's letter that she's not able to dispute the debt in any amount. If you're disputing a total amount- Counsel, so it's a negative pregnant. The debt, the least sophisticated consumer must assume that what was not said gives her her rights. Is that what you're suggesting? That's not in the spirit of the FDCPA at all. No, Your Honor, that's not what I'm suggesting or what my position is. She's, in this case, we're talking about whether essential information, again, can be conveyed implicitly. And that's not inconsistent with not requiring the least sophisticated consumer to assume what their rights are. She's being informed of her right to dispute the debt or any portion thereof, by virtue of being told of her right or notified of her right to dispute a debt. Counsel, but of any portion thereof is not included in the letter. Isn't that what this case is about? My colleague is actually, or Ms. Chaperone has actually argued at points that that's not what this case is about, stating that this isn't about, that she's not complaining of the mere omission of statutory language, which has been held to not be a per se violation. There is no specific wording requirement. It's not a violation to omit statutory text. And so I would say that, no, that's not what this case is about. It's not about, I'm not arguing, my client is not arguing that the least sophisticated consumer is to assume that they have the right to dispute the debt or any portion thereof. That's why notice of that is required. However, when she's given notice of the right to dispute a debt consisting of rent arrears, totaling a specific dollar amount, and that that's the specific dollar amount that her landlord, the creditor, claims that she owes, it's implicit in that notification that she can dispute the amount that's claimed to be owed by saying that she owes any amount other than that, be it zero or a penny or a penny less than the amount that's claimed to be owed. But once you get to implicit understandings, we have to deal with where the least sophisticated consumer can make those implicit understandings, can bring that to bear on this letter. I'm not certain that you're correct. Well, with all due respect, Your Honor, I understand your concern, but based on the precedent of this court, it appears that we expect the least sophisticated consumer to still be reasonable. And as any member of the human species, capable of logic and logical deductions and inferences, such as if you are disputing that you owe $10, and you believe that you owe $8, to borrow the example used by one of the judges earlier. If you're saying that you owe $8 and you're being told you owe 10, you're disputing the debt and you would be disputing it just as well as if you were saying that you owed $9 or $6 or nothing. So respectfully, I submit that it is in keeping with the spirit of the act and specifically in keeping with the spirit of the act in terms of its dual purpose of not encouraging unreasonable and unjust results of liability being imposed upon debt collectors for interpretations, readings of letters that are just simply not reasonable. It's not reasonable to think, oh, I'm being told I can dispute a debt in a specific dollar amount, therefore I can only dispute it if I don't owe anything at all. That's not reasonable. Thank you, counsel. Your time has expired. We'll hear from Mr. Wolf for three minutes and rebuttal. Thank you. Thank you, your honors. I'd like to go to the answer that my adversary, or lack of an answer that she had for Judge Hall's question. If debt and any portion thereof are the same thing, then there is no reason for any portion thereof to be in the statute. Then Congress could just have used the House version instead of at reconciliation in the 70s when they were discussing and going back and forth with versions of the FDCPA. They could have just adopted, Congress could have adopted the House version, which didn't have the any portion thereof. They did as they adopted the Senate version. That information is critical. If debt and any portion thereof are the same thing, then the statute can just say debt. And under Sontag and Hyman's interpretation, everyone should know that that also includes any portion thereof. We know that that's not true. We know that because Congress has told us and respectfully, this is a really big problem for Sontag and Hyman. And they try to run away from the statute itself. And even in their own brief at page 12, they actually write the following. The inquiry here is not what words Congress used in the statute, because the objective is to discern whether the credulous debtor could be deceived. That's just wrong. The inquiry starts from what Congress wrote in the statute. That's in writer. The council, we've said that there's no requirement for a collection letter to state the entire statutory language. Isn't that correct? I said this at the district court level, Your Honor. I agree wholeheartedly with that. That's why our claims are not just an omission. They have to effectively, and the case law in this circuit uses that phrase, effectively. An omission is fine. If they don't wanna put it in what the statute says, that's fine. They're a debt collection law firm. They've figured out that they don't have to do it. What they do have to do at the very least is effectively tell the least sophisticated consumer. Do you think that they are deceiving people by not including the words or portion thereof? Is that somehow a misrepresentation? I do, Your Honor. I do, Judge Chin. That's why we also pled a section E10 violation, which talks about misleading and deceptive practices. But I think this is a per se violation. Do you think reasonable consumers, the least sophisticated consumers would be tricked into not contesting the debt simply because the words or portion thereof are omitted? I think it's also what's not included. But I think, Your Honor, I think that there is nothing in this letter at all that tells the least sophisticated consumer per the notice requirements, which are different from the misleading and deceptive practices, under the notice requirements that there's supposed to be a statement about that she can dispute any portion of this debt. And we know what- Let's say she's being done for $10,000. Your argument, the logical extension of your argument is if somebody comes up, if the firm writes to you and says, you owe our client $10,000, and you don't say, but if you dispute that or any portion thereof, that doesn't work. I mean, I just, it's inconceivable to me that somebody who is told she owes $10,000, who only owes $5,000, isn't gonna dispute the debt. The question- Because, I mean, it's just, it's ludicrous, frankly. You're saying, well, she didn't dispute it because she was told she owes $10,000. That just goes counter to every intuition that any consumer would have, sophisticated or not. And by the way, least sophisticated consumer, in my mind, is some poor five-year-old who doesn't know anything about anything. And that's not our standard. Judge, your opinion is similar, if not identical to what Judge Rakoff said. I can certainly appreciate that example. It's logical. That's not what the, Judge, that's just not what the statute requires. That's not what Congress intended, and it runs away from the legislative history, Your Honor. I understand your example. I've used it in my practice here, trying to come up with different questions that you might ask. I understand that. That's just not what the statute says. And we know that. We understand why was it then, and I don't mean to answer you with a question, Your Honor, but then why is it in the Senate version? Why is it in the same, why is it there? That's the question I asked your adversary. I'm not disputing that it's a good question. It is a good question. No, Judge, I think, quite frankly, I think it's an excellent question. And by the way, the Ninth Circuit in Baker and three different cases that we've cited have been able to answer your question. And the answer is, and I don't know if you like this or not, it's because Congress says so. That was in the McCabe case, the Dutterer case, and the Lombardi case. The Congress said that a lot too. Yeah, Congress says that this is important, that there is a difference between debt and any portion thereof. And your example, as a great example as it is, Your Honor, it doesn't hold up because if that were enough, then there wouldn't need to be the any portion thereof. Debt would have been sufficient because under your example, the five-year-old, the least sophisticated consumer, I'm not sure my three-year-old is least sophisticated. Yeah, we're not there. But my point is, Your Honor, is that the any portion thereof language is essential. Congress has said so. It's in the notice provision of the FDCPA. That's different, right, from the misleading and deceptive. This is the information that the least sophisticated consumer needs to know. If your example is correct, Your Honor, then theoretically in the Second Circuit, debt collectors can basically rewrite the statute. So your client wouldn't have responded or would have responded if there'd been any portion thereof, but didn't respond because that wasn't included. Well, respectfully, Your Honor, as you know, my client, this is an objective standard. My client doesn't need to necessarily dispute the debt or any portion thereof to get the protections and for us to have an FDCPA violation. Okay. Thank you. Your time has expired. We'll reserve decision. Thank you for a very good argument.